UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**STEVEN EARL ADAMS**  **CASE NO. 3:19-CV-00281**

**VERSUS**  **JUDGE DOUGHTY**

**MONROE TRANSIT SYSTEM 1ST TRANSIT**  **MAG. JUDGE KAREN L. HAYES**

### REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion to dismiss for failure to properly serve the defendants, and for failure to state a claim upon which relief may be granted. [doc. # 23]. For the following reasons, it is recommended that be GRANTED IN PART and DENIED IN PART. To the extent that Defendants move for dismissal under Rules 12(b)(2), 12(b)(4) and 12(b)(5) for lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process, the motion should be GRANTED, and Plaintiff's Complaint should be DISMISSED WITHOUT PREJUDICE. The motion to dismiss for failure to state a claim under Rule 12(b)(6) should be DENIED AS MOOT.

### Background

On March 5, 2019, *pro se* plaintiff, Steven Adams, filed the instant petition against "Monroe Transit System/1st Transit," alleging that he had been discriminated against in violation of Title VII of the Civil Rights Act. [doc. # 1]. On May 31, 2019, Plaintiff filed a motion for an extension of time to serve the Defendants because of the complexity of his claim and so he would have the opportunity to consult an attorney. [doc. # 6]. The motion was granted, and a deadline set for August 5, 2019 for Plaintiff to effect service. [doc. # 7].

Plaintiff failed to effect service by the August 5, 2019 deadline, and the Court entered a notice of intent to dismiss the case for failure to effect service. [doc. # 8]. Plaintiff filed a motion to stay, which the court denied. [doc. #s 9, 10]. However, the court granted an additional 120-day extension for the Plaintiff to effect service on the defendants. [doc. # 10]. Plaintiff failed to comply with the new deadline, and so the court entered a notice of intent to dismiss the case for failure to effect service on February 6, 2020. [doc. # 11]. The case was dismissed on February 21, 2020. [doc. # 12]. However, Plaintiff moved to reinstate the case on March 24, 2020, and the motion was granted. [doc. #s 13; 14].

On June 9, 2020, Plaintiff still had not effected service on the Defendants, so the Court entered another notice of intent to dismiss the case. [doc. # 15]. Plaintiff filed a motion for extension of time to effect service on June 23, 2020, and the court granted the motion. [doc. #s 16; 17]. The Court set a compliance deadline for August 25, 2020 for Plaintiff to effect service and stated in the order that no further extensions would be granted. [doc. # 17].

Plaintiff did not attempt to serve the Defendants until August 28, 2020, after the deadline set by the court. [doc. # 18]. Subsequently, Defendants filed this motion to dismiss, claiming that process was insufficient, service was untimely and improper, and that Plaintiff failed to state a claim under Title VII. [doc. # 23]. The time for Plaintiff to file a response has elapsed, and no response has been filed. Accordingly, this matter is ripe.

**Law and Analysis**

1. Insufficiency of Process and Lack of Capacity to be Sued

Under Federal Rule of Civil Procedure 4(a), a summons must "identify the parties" and "be directed to a defendant." Fed. R. Civ. P. 4(a)(1)(A)-(B). Rule 4(a) is generally construed

liberally. *Estate of White v. Hartford Life & Acc. Ins. Co.*, No. 4:07-CV-00145, 2007 WL 7217079, at *2 (S.D. Tex. Oct. 11, 2007)(citing 3 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1082 ("The general attitude of the federal courts is that the provision of Federal Rule 4 should be liberally construed in the interest of doing substantial justice.")).

Further, although Rule 12(b) does not specifically authorize a motion to dismiss based on a lack of capacity to be sued, "[f]ederal courts . . . traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules or by statutes" including motions raising a lack of capacity to sue or be sued. *Clark v. Lafayette Police Dep't*, No. 6:18-CV-00058, 2018 WL 3357899, at *1 (W.D. La. June 22, 2018), *report and recommendation adopted*, No. 6:18-CV-00058, 2018 WL 3357257 (W.D. La. July 9, 2018)(citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1360 (3d ed. 2004)). "The Fifth Circuit has implicitly approved 12(b) motions arguing the lack of capacity to be sued." *Id*. (quoting *Angers ex rel. Angers v. Lafayette Consol. Gov't,* 2007 WL 2908805, at *1 (W.D. La. Oct. 3, 2007) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 3114 (5th Cir. 1991))).

Defendants allege that Plaintiff incorrectly named the Defendants as a single entity, "Monroe Transit System/1st Transit," and that because the single summons issued was not addressed to the City of Monroe or First Transit, Inc., Plaintiff's petition failed to meet the requirements of Rule 4(a). [doc. # 23-1, p. 6]. Further, Defendants claim that Monroe Transit System is a subdivision of the City of Monroe and lacks the capacity to be sued. The Defendants are correct on both grounds.

First, the Monroe Transit System lacks the capacity to be sued because it is a subsidiary of the City's Department of Public Works. City of Monroe Code, Charter, Article I, § 4-

06(B)(9)(effective August 1, 1982) ("The public works director shall direct and be responsible for . . . [o]peration of the municipal transit system."); *see also, e.g., Edmond v. Lafayette Consol. Gov't*, No. 6:16-CV-00045, 2016 WL 3693653, at *3 (W.D. La. May 24, 2016), *report and recommendation adopted*, No. CV 16-0045, 2016 WL 3693486 (W.D. La. July 5, 2016) (finding that an agency of the City of Lafayette did not have capacity to be sued). Thus, the motion to dismiss for lack of capacity to be sued under Rule 12(b) should be granted.

Second, if Plaintiff had merely misspelled First Transit, Inc. as "1st Transit," such a misspelling may have been de minimus. *See Aerielle Techs*., 2011 WL 767775, at *2 (holding that where the name of the Defendant company was incorrect on the summons, but that the Defendant had nevertheless received a copy of both the summons and the complaint, the service was in substantial compliance with Rule 4 and the mistake did not mislead or cause prejudice to the Defendant). However, Plaintiff did not simply misspell the company's name; Plaintiff also merged "Monroe Transit System" with "1st Transit" as a single entity and provided only the address for the Monroe Transit System. These errors make it unclear whether plaintiff intended to sue both the City and First Transit, Inc., or just the city. Thus, the process is insufficient with respect to First Transit, Inc. under Rule 12(b)(4).

The policy of liberal amendment of process expressed in Rule 4(a) "can be used to alleviate errors of a technical nature that are not misleading or prejudicial to the recipient of the document." *Id.* (citing 3 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1087); *see also* Fed. R. Civ. P. 4(a) ("The court may allow a summons to be amended"). A Defendant "should not be permitted to take advantage of a mere misnomer that injured no one." *Id.* (citing *Grandey v. Pacific Indem. Co*., 217 F.2d 27, 29 (5th Cir.1954)). However, as will be explained more fully below, amendment here would be futile because Plaintiff failed to timely or

properly serve the summons and complaint and is not entitled to an extension of time. Thus, the motion to dismiss under Rule 12(b)(4) for insufficiency of process and under Rule 12(b) for lack of capacity to be sued should be granted.

2. Insufficiency of Service of Process

When service is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service. *Kitchen v. Walk-On's Bistreaux & Bar*, No. 5:19-CV-01062, 2020 WL 2404911, at *3 (W.D. La. May 12, 2020) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)). "The Court may consider affidavits or declarations in resolving Rule 12(b)(5) motions." *Walk-On's*, 2020 WL 2404911, at *1 (citations omitted). Without valid service of process, "proceedings against a party are void because a court cannot exercise personal jurisdiction over a defendant unless he was properly served." *Landry v. Garber*, No. 6:19-CV-00367, 2019 WL 2946149, at *2 (W.D. La. June 21, 2019), *report and recommendation adopted*, No. 6:19-CV-00367, 2019 WL 2943409 (W.D. La. July 8, 2019)(citing *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

Here, service of process was invalid because (1) it was untimely, (2) it was made on an improper person, and (3) it did not include a summons along with the copy of the complaint.

a. Service was Untimely

Under Federal Rule of Civil Procedure 4(c)(1), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. Proc. 4(c)(1).Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90

days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Good cause "requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Gartin v. Par Pharm. Companies, Inc.*, 289 Fed. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)). Furthermore, "[p]ro se status does not excuse a litigant's complete failure to effect service." *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988)); *see also Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (citations omitted) ("A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure.")

Here, Plaintiff's repeated failures to timely serve the Defendants are inexcusable at this point. The Court has already granted several extensions to Plaintiff to effect service. *See* [doc. #s 7; 10; 14; 17]. The most recent extension, giving the Plaintiff until August 25, 2020 to serve the defendants, clearly stated that "no further extensions [would] be given." [doc. # 17]. However, the plaintiff did not even attempt to serve the defendants until August 28, 2020, when the final deadline had already passed. In total, the plaintiff had 539 days in which to serve the Defendants, yet did not do so. Plaintiff has presented no evidence of circumstances which would warrant another extension. Thus, the motion to dismiss under Rule 12(b)(5) for failure to timely serve the Defendants should be granted.

b. Service was Not Made on a Proper Person

Service was improper because it was made on an improper person with respect to both First Transit, Inc. and the City of Monroe. First Transit, Inc. is a Delaware corporation, with its principal place of business in Ohio, and is registered to do business in Louisiana. [doc. # 23-3]. Under Rule 4(h) Plaintiff was required to serve the corporation in accordance with state law or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. Proc. 4(h)(1)(A)-(B). *See also Walk-On's*, 2020 WL 2404911, at *2.

If service is made on an officer or managing agent, that person "must have actual authorization from the entity sought to be served. Apparent authority is insufficient." *Poydras v. Iberiabank Corp.*, No. 6:19-CV-01171, 2019 WL 5855834, at *1 (W.D. La. Nov. 7, 2019)(quoting *Smith v. Woman's Hosp.*, 2015 WL 2357127, at *3 (M.D. La. May 15, 2015)); *see also Maiz v. Virani*, 311 F.3d 334, 340 (2002). Further, because First Transit, Inc., is registered to do business in Louisiana, under state law, Plaintiff was required to serve one of its designated agents for service of process. La. C. Civ. P. art. 1261.

Here, Plaintiff did not serve First Transit, Inc.'s designated agent for service of process, which was CT Corp. [doc. # 23-3, p. 1-2]. Furthermore, Ms. Washington, the person who was served by plaintiff, while an employee of First Transit, was not authorized to receive service of process on behalf of the company, so personal service on Ms. Washington did not effect service on First Transit. [doc. # 23-2].

A plaintiff may effect service on a state or local governmental entity by "delivering a copy of the summons and of the complaint to its chief executive officer; or . . . serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(A)-(B). Under state law, service on a political entity such as

the City of Monroe can be "made at its office by personal service upon the chief executive officer thereof, or in his absence upon any employee thereof of suitable age and discretion." La. C. Civ. P. art. 1265.

Here, service was not made on the chief executive officer of the City of Monroe, and Ms. Washington, upon whom service was made, is not even an employee of the City. [doc. # 23-2]. Thus, service was not made on a proper person with respect to the City of Monroe. The motion to dismiss for insufficient service of process under Rule 12(b)(5) therefore should be granted in favor of both Defendants.

   c. A Summons was not Served with the Complaint

Under Federal Rule of Civil Procedure 4(c)(1), "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Serving a copy of the complaint without serving a copy of the summons renders service invalid. *See Styles v. McDonalds Rest*., No. 4:17-CV-791-ALM CAN, 2019 WL 2266636, at *3–4 (E.D. Tex. Jan. 28, 2019), *report and recommendation adopted*, No. 4:17-CV-791, 2019 WL 1219117 (E.D. Tex. Mar. 15, 2019); *see also Aerielle Techs., Inc. v. Procare Int'l Co*., No. 2:08-CV-284-TJW, 2011 WL 767775, at *2 (E.D. Tex. Feb. 28, 2011)(citing *Barron v. Miami Executive Towers Assoc. Ltd Ptp.*, 142 F.R.D. 394, 397 (S.D.N.Y.1992) ("Although strict conformity with Rule 4's provisions is not required in every instance . . . actual receipt of both the summons and the complaint is a base requirement.")).

Here, the return of service shows that only the complaint and attached exhibits were served on Ms. Washington. [doc. # 18]. A copy of the summons was not served. Thus, the service was insufficient and would have been insufficient even if Ms. Washington had been a proper person to receive service for either Defendant.

Given these facts, this Court lacks personal jurisdiction over the defendants. See *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *see also Walk-On's*, 2020 WL 2404911 at *4. Thus, Defendants' motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) should be granted.

3. Failure to State a Claim

Although the Court need not address Defendant's Rule 12(b)(6) argument because service was improper and thus there is no personal jurisdiction over the Defendants, out of an abundance of caution the undersigned notes that, even if process and service of process had been proper, Plaintiff has still failed to state a claim upon which relief may be granted because his claims under Title VII for race and sex discrimination are untimely. Plaintiff alleged two separate acts of discrimination, and thus had 300 days from the date of each incident to file a complaint with the EEOC in order for the claim to be actionable. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Where an EEOC complaint is untimely filed, Rule 12(b)(6) forms a proper basis for dismissal of a Title VII action. *Bowers v. Nicholson*, 271 Fed. App'x 446, 449 (5th Cir 2008).

Plaintiff claims that he was discriminated against on the basis of his sex because a female employee earned a higher wage than he did when he was a temporary employee. [doc. # 1-2]. His temporary employment ended on August 29, 2016, and he had 300 days from that date to file an EEOC charge. [doc. # 1-2]. However, Plaintiff did not file an EEOC charge until December 4, 2018: more than two years (827days) later. Thus, his claim of sex discrimination is time barred. [doc. # 1-2]; *see also Bowers*, 271 Fed. App'x at 449.

Likewise, Plaintiff's claim of race discrimination is premised on an incident that occurred in December 2017. [doc. # 1-2]. Assuming that the incident occurred on the latest possible day, December 31, 2017, Plaintiff would have had to file an EEOC complaint no later than October 29, 2018. Plaintiff did not file his EEOC complaint until December 4, 2018, more than a month after the 300-day period had elapsed. [doc. # 1-2]. Thus, his claim for race discrimination is also time barred. *See Bowers*, 271 Fed. App'x at 449. Accordingly, dismissal of Plaintiff's claims under Rule 12(b)(6) would be proper in this case.

4. Justification for a Dismissal that is Effectively with Prejudice

Although the dismissal of Plaintiff's claims under Rules 12(b)(2), 12(b)(4), and 12(b)(5) will be without prejudice, the Court recognizes that "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)(quoting *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir.1981)). A civil action under Title VII must be brought within ninety days of receipt of a right-to-sue letter from the EEOC. *Id*. (citing 42 U.S.C. § 2000e–5(f); *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1027 (5th Cir.1988)). Thus, because Plaintiff's right-to-sue letter was dated December 6, 2018, Plaintiff will be time barred from asserting a Title VII employment discrimination claim against Defendants.

Failure to effect service is a failure to prosecute. *See Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006). Dismissal with prejudice for failure to prosecute is appropriate only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not prompt diligent prosecution, or the record shows that lesser sanctions have proved to be futile. *Berry*, 975 F.2d at 1191 (citing *Price v. McGlathery*,

792 F.2d 472, 474 (5th Cir.1986); *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519-21 (5th Cir.1985); *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir.1985); *Morris v. Ocean Systems*, 730 F.2d 248, 252 (5th Cir.1984)). Additionally, in most cases where dismissal with prejudice is appropriate, one of the following aggravating factors is present: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *McGlathery*, 792 F.2d at 474; see also *Callip*, 757 F.2d at 1529.

Here, there is a clear record of delay. Plaintiff has failed for more than 539 days to even attempt to serve the Defendants. The Court has already given plaintiff several extensions and has even dismissed plaintiff's case once before for failure to effect service. [doc. # 12]. Therefore, the record shows that lesser sanctions imposed by the court have not remedied the plaintiff's conduct. Further, there is an aggravating factor present because the delay is caused by plaintiff himself; since he is proceeding *pro se*, the delay cannot be attributed to an attorney. Thus, dismissal without prejudice, even though it will cause Plaintiff's claim to be time-barred, is appropriate in this case.[1]

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [doc. # 23] should be GRANTED IN PART and DENIED IN PART. To the extent that Defendants move for dismissal under Rules 12(b)(2), 12(b)(4) and 12(b)(5) for lack of personal jurisdiction, insufficiency of

---

[1] Further, because Plaintiff's underlying claims for race and sex discrimination are untimely due to his failure to file an EEOC complaint within 300 days of the alleged incidents, dismissal of this case with prejudice under Rule 12(b)(6) would be appropriate even if service had been proper. Thus, dismissal is appropriate because plaintiff's Title VII claim is time barred regardless of his failure to serve.

process, and insufficiency of service of process, the motion should be GRANTED, and Plaintiff's Complaint should be DISMISSED WITHOUT PREJUDICE. The motion to dismiss for failure to state a claim under Rule 12(b)(6) should be DENIED AS MOOT.

Under the provisions of 28 U.S.C. '636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 13th day of November, 2020.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE